Richard A. Swanson
PA ID No. 83868
DEL SOLE CAVANAUGH STROYD LLC
The Waterfront Building
200 First Avenue, Suite 300
Pittsburgh, Pennsylvania 15222
Phone: (412) 261-2393
Facsimile: (412) 261-2110

Raymond P. Niro
Sally Wiggins
Matthew G. McAndrews
Douglas M. Hall
Nicholas M. Dudziak
Pro hac vice applications to be submitted
NIRO, SCAVONE, HALLER & NIRO
181 West Madison Street, Suite 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Facsimile: (312) 236-3137

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,

Plaintiffs,

v.

SHIPMATRIX, INC., UNITED PARCEL SERVICES, INC. and FEDEX CORPORATION,

Defendants.

Civil No. ________________

JURY TRIAL DEMANDED

COMPLAINT FOR PATENT INFRINGEMENT

## COMPLAINT

Plaintiffs ArrivalStar s.a. and Melvino Technologies Limited (collectively "ArrivalStar" or "Plaintiffs"), by and through their undersigned attorneys, for their complaint against defendants ShipMatrix, Inc. ("ShipMatrix"), United Parcel Services, Inc. ("UPS") and FedEx Corporation ("FedEx") (ShipMatrix, UPS and FedEx are collectively referred to herein as "Defendants"), hereby allege as follows:

**NATURE OF LAWSUIT**

1. This action involves claims for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code. This Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a).

**THE PARTIES**

2. ArrivalStar s.a. is a corporation organized under the laws of Luxembourg and having offices at 67 Rue Michel, Welter L-2730, Luxembourg, and in this judicial district at 370 Easton Street, Hermitage, Pennsylvania 16148.

3. Melvino Technologies Limited is a corporation organized under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands, and in this judicial district at 370 Easton Street, Hermitage, Pennsylvania 16148.

4. Melvino and ArrivalStar s.a. (collectively referred to hereafter as "ArrivalStar") own all right, title and interest in, and have standing to sue for infringement of United States Patent No. 6,904,359 ("the '359 patent"), entitled "Notification Systems and Methods with User-Definable Notifications Based Upon Occurrence of Events," issued June 7, 2005, United States Patent No. 6,748,318 ("the '318 patent"), entitled "Advanced Notification Systems and Methods Utilizing A Computer Network," issued June 8, 2004, and United States Patent No. 6,748,320 ("the '320 patent"), entitled "Advanced Notification Systems and Methods Utilizing A Computer Network." Copies of the '359, '318 and '320 patents are annexed hereto as Exhibits A, B and C, respectively.

5. Defendant ShipMatrix is a Pennsylvania corporation with a place of business at Waterfront Corporate Park, 2200 Georgetowne Drive, Suite 202, Sewickley, Pennsylvania 15143. ShipMatrix transacts business and has provided to customers in

this judicial district and throughout the State of Pennsylvania services that infringe claims of the ‘359, ‘318 and ‘320 patents.

6. Defendant UPS is a Delaware corporation with a place of business at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328. UPS transacts business and has provided to customers in this judicial District and throughout the State of Pennsylvania services that infringe claims of the ‘359, ‘318 and ‘320 patents.

7. Defendant FedEx is a Delaware corporation with a place of business at 942 South Shady Grove Road, Memphis, Tennessee 38120. FedEx transacts business and has provided to customers in this judicial District and throughout the State of Pennsylvania services that infringe claims of the ‘359, ‘318 and ‘320 patents.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b).

**DEFENDANT SHIPMATRIX’S ACTS OF PATENT INFRINGEMENT**

9. Defendant ShipMatrix has infringed claims of the ‘359, ‘318 and ‘320 patents through, among other activities, the use of its ShipMatrix ETA and ShipMatrix Alert notification systems. Specifically, the shipment, exception/delay and delivery notification features of the ShipMatrix ETA and ShipMatrix Alert notification systems infringe at least: claims 1, 2, 6, 7, 8, 9, 12, 13, 19, 20, 40, 41 and 42 of the ‘359 patent; claims 1, 2, 3, 4, 6, 8, 11, 12, 13, 14, 16, 23, 47, 48, 49, 50, 52, 54, 57, 58, 59, 60, 62, 63, 69, 70, 71, 72, 73, 75, 77, 80, 81, 82, 83, 85, 86 and 92 of the ‘318 patent; and claims 11, 16, 17, 18, 19 and 20 of the ‘320 patent. ShipMatrix has also infringed the ‘359, ‘318 and ‘320 patents by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, such patents.

10. Defendant ShipMatrix's infringement, contributory infringement, and inducement to infringe has been willful and deliberate and has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the ‘359, ‘318 and ‘320 patents.

**DEFENDANT UPS'S ACTS OF PATENT INFRINGEMENT**

11. Defendant UPS has infringed claims of the ‘359, ‘318 and ‘320 patents through, among other activities, the use of its Quantum View Notify$^{SM}$ system. Specifically, the shipment, exception/delay and delivery notification features of UPS's Quantum View Notify$^{SM}$ system infringe at least: claims 1, 2, 6, 7, 8, 9, 12, 13, 19, 20, 40, 41 and 42 of the ‘359 patent; claims 1, 2, 3, 4, 6, 8, 11, 12, 13, 14, 16, 23, 47, 48, 49, 50, 52, 54, 57, 58, 59, 60, 62, 63, 69, 70, 71, 72, 73, 75, 77, 80, 81, 82, 83, 85, 86 and 92 of the ‘318 patent; and claims 11, 16, 17, 18, 19 and 20 of the ‘320 patent. UPS has also infringed the ‘359, ‘318 and ‘320 patents by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, such patents.

12. Defendant UPS's infringement, contributory infringement, and inducement to infringe has been willful and deliberate and has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the ‘359, ‘318 and ‘320 patents.

**DEFENDANT FEDEX'S ACTS OF PATENT INFRINGEMENT**

13. Defendant FedEx has infringed claims of the ‘359, ‘318 and ‘320 patents through, among other activities, the use of its FedEx InSight notification system. Specifically, the shipment, exception/delay and delivery notification features of FedEx's

InSight notification system infringe at least: claims 1, 2, 6, 7, 8, 9, 12, 13, 19, 20, 40, 41 and 42 of the ‘359 patent; claims 1, 2, 3, 4, 6, 8, 11, 12, 13, 14, 16, 23, 47, 48, 49, 50, 52, 54, 57, 58, 59, 60, 62, 63, 69, 70, 71, 72, 73, 75, 77, 80, 81, 82, 83, 85, 86 and 92 of the ‘318 patent; and claims 11, 16, 17, 18, 19 and 20 of the ‘320 patent. FedEx has also infringed the ‘359, ‘318 and ‘320 patents by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, such patents.

14. Defendant FedEx’s infringement, contributory infringement, and inducement to infringe has been willful and deliberate and has injured and will continue to injure ArrivalStar unless and until this Court enters an injunction prohibiting further infringement and, specifically, enjoining further use of methods and systems that come within the scope of the ‘359, ‘318 and ‘320 patents.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs ask this Court to enter judgment against Defendants, and against their subsidiaries, affiliates, agents, servants, employees and all persons in active concert or participation with them, granting the following relief:

A. An award of damages adequate to compensate ArrivalStar for the infringement that has occurred, together with prejudgment interest from the date that Defendant’s infringement of the ArrivalStar patents began;

B. Increased damages as permitted under 35 U.S.C. § 284;

C. A finding that this case is exceptional and an award to ArrivalStar of its attorneys' fees and costs as provided by 35 U.S.C. § 285;

D. A permanent injunction prohibiting further infringement, inducement and contributory infringement of the ArrivalStar Patents; and

E. Such other and further relief as this Court or a jury may deem proper and just.

**JURY DEMAND**

ArrivalStar demands a trial by jury on all issues presented in this Complaint.

Dated: March 29, 2007

By: /s/ Richard A. Swanson

Richard A. Swanson
PA ID No. 83868
DEL SOLE CAVANAUGH STROYD LLC
The Waterfront Building
200 First Avenue, Suite 300
Pittsburgh, Pennsylvania 15222
Phone: (412) 261-2393
Facsimile: (412) 261-2110

-and-

Raymond P. Niro
Sally Wiggins
Matthew G. McAndrews
Douglas M. Hall
Nicholas M. Dudziak
NIRO, SCAVONE, HALLER & NIRO
181 W. Madison St., Ste. 4600
Chicago, Illinois 60602
Phone: (312) 236-0733
Facsimile: (312) 236-3137

Attorneys for Plaintiffs