UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, | ) | |
| | ) | CIVIL NO. 2:07-CV-00415-JFC |
| Plaintiffs, | ) | |
| | ) | JURY |
| v. | ) | |
| | ) | |
| SHIPMATRIX, INC., UNITED PARCEL SERVICES, INC. and FEDEX CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT FEDEX CORPORATION'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS ARRIVALSTAR S.A. AND MELVINO TECHNOLOGIES LIMITED'S COMPLAINT**

Defendant FedEx Corporation ("FedEx") respectfully submits this answer and these affirmative defenses to the Complaint filed by Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited (collectively "Plaintiffs"), as well as their counterclaims against Plaintiffs, and state as follows:

**NATURE OF LAWSUIT**

1. FedEx admits that Plaintiffs allege patent infringement under Title 35 of the United States Code and that this Court has exclusive jurisdiction over the subject matter of the Complaint under 28 U.S.C. § 1338(a), but denies that it has committed any acts of infringement.

**THE PARTIES**

2. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the allegations in paragraph 2 of the Complaint and, therefore, denies each of the allegations.

3. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the allegations in paragraph 3 of the Complaint and, therefore, denies each of the allegations.

4. FedEx admits that U.S. Patent No. 6,904,359 ("the '359 patent") is entitled "Notification Systems and Methods with User-Definable Notifications Based Upon Occurrence of Events," lists an issue date of June 7, 2005, and lists "ArrivalStar, Inc." as assignee. FedEx admits that U.S. Patent No. 6,748,318 ("the '318 patent") is entitled "Advanced Notification Systems and Methods Utilizing A Computer Network," lists an issue date of June 8, 2004, and lists "ArrivalStar, Inc." as assignee. FedEx admits that U.S. Patent No. 6,748,320 ("the '320 patent") is entitled "Advanced Notification Systems and Methods Utilizing A Computer Network," and lists "ArrivalStar, Inc." as assignee. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the remaining allegations in paragraph 4 of the Complaint and, therefore, denies each of the allegations.

5. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the allegations in paragraph 5 of the Complaint, and, therefore, denies each of the allegations.

6. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the allegations in paragraph 6 of the Complaint and, therefore, denies each of the allegations.

7. FedEx admits that Defendant FedEx Corporation is a corporation organized under the laws of the State of Delaware and has a principal place of business at 942 South Shady Grove Road, Memphis, Tennessee, 38120. FedEx denies the remaining allegations of paragraph 7.

8. FedEx denies the allegations of paragraph 8 of the Complaint.

**SHIPMATRIX**

9. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the allegations in paragraph 8 of the Complaint and, therefore, denies each of the allegations.

10. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the allegations in paragraph 9 of the Complaint and, therefore, denies each of the allegations.

**UPS**

11. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the allegations in paragraph 10 of the Complaint and, therefore, denies each of the allegations.

12. FedEx lacks sufficient knowledge or information either to admit or deny the truth of the allegations in paragraph 11 of the Complaint and, therefore, denies each of the allegations.

**FEDEX**

13. FedEx denies the allegations in paragraph 13 of the Complaint.

14. FedEx denies the allegations in paragraph 14 of the Complaint.

**PLAINTIFFS' REQUEST FOR RELIEF**

15. FedEx denies that Plaintiffs are entitled to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1. Plaintiffs are not entitled to any relief against FedEx because FedEx does not infringe, and has not infringed, directly, by inducement, contributorily, or in any way, any valid and asserted claim of the '359, '318, and '320 patents.

**SECOND AFFIRMATIVE DEFENSE**

2. Claims of the '359, '318, and '320 patents are invalid for failure to meet one or more of the conditions for patentability set forth in Title 35 of the U.S. Code, 35 U.S.C. § 100 *et seq.*, including, without limitation, 35 U.S.C. §§ 101-103 and 112.

**THIRD AFFIRMATIVE DEFENSE**

3. On information and belief, Plaintiffs are estopped from asserting any interpretation of any of the claims of the '359, '318, and '320 patents that would be broad enough to cover any of the accused activities or systems, by reasons of statements and representations made by applicant(s) and/or their representative(s) to the United States Patent and Trademark Office

during the prosecution of applications leading to the issuance of the ’359, ’318, and ’320 patents, or by reason of prior acts.

## FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs’ claims for relief and alleged damages are limited by 35 U.S.C. § 287.

## FIFTH AFFIRMATIVE DEFENSE

5. On information and belief, Plaintiffs are barred in whole or in part from asserting the ’359, ’318, and ’320 patents against FedEx under the doctrine of laches, equitable estoppel, or both.

## SIXTH AFFIRMATIVE DEFENSE

6. On information and belief, the ’359, ’318, and ’320 patents are unenforceable under the doctrine of prosecution laches.

## SEVENTH AFFIRMATIVE DEFENSE

7. This Court does not have personal jurisdiction over FedEx.

## COUNTERCLAIMS

As for its counterclaims against Plaintiffs, FedEx Corporation complains as follows:

1. Defendant FedEx Corporation is a corporation organized under the laws of the State of Delaware and has a principal place of business at 942 South Shady Grove Road, Memphis, Tennessee 38120.

2. On information and belief, Plaintiff ArrivalStar s.a. is a corporation organized under the laws of Luxembourg, having offices at 67 Rue Michel, Welter L-2730, Luxembourg, and in this judicial district at 370 Easton Street, Hermitage, Pennsylvania 16148.

3. On information and belief, Plaintiff Melvino Technologies Limited is a corporation under the laws of the British Virgin Island of Tortola, having offices at P.O. Box 3152, RG

Hodge Building, Road Town, Tortola, British Virgin Islands, and in this judicial district at 370 Easton Street, Hermitage, Pennsylvania 16148.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

5. The Court has personal jurisdiction over Plaintiffs at least because Plaintiffs have availed themselves of this Court.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)-(c) because Plaintiffs reside in this district.

**FIRST COUNTERCLAIM**

(For Declaratory Judgment of Non-Infringement)

7. FedEx realleges and incorporates herein by reference each and every preceding paragraph.

8. In Paragraphs 13-14 of its Complaint, Plaintiffs have made general allegations that certain claims of U.S. Patent No. 6,904,359 ("the '359 patent"), U.S. Patent No. 6,748,318 ("the '318 patent"), and U.S. Patent No. 6,748,320 ("the '320 patent") are infringed by FedEx through the use of its FedEx InSight notification system.

9. Plaintiffs' actions and allegations have created a case or controversy between FedEx and Plaintiffs.

10. FedEx is not infringing, and have not infringed, directly, by inducement, contributorily, or in any way, any valid and asserted claim of the '359, '318, and '320 patents.

11. To resolve the legal and factual questions raised by Plaintiffs, and to afford relief from the uncertainty and controversy Plaintiffs' accusations have precipitated, FedEx is entitled

to a declaratory judgment pursuant to 28 U.S.C. § 2201 that the accused FedEx methods and systems do not infringe any valid and asserted claim of the ’359, ’318, and ’320 patents.

**SECOND COUNTERCLAIM**

(For Declaratory Judgment of Invalidity)

12. FedEx realleges and incorporates herein by reference each and every preceding paragraph.

13. The asserted claims of the ’359, ’318, and ’320 patents are invalid, *inter alia*, for at least one of the following reasons: they are anticipated under 35 U.S.C. § 102; they would have been obvious under 35 U.S.C. § 103; they fail to comply with one or more of the requirements of 35 U.S.C. § 112; or the specification fails to comply with 35 U.S.C. § 112, first paragraph.

14. To resolve the legal and factual questions raised by Plaintiffs, and to afford relief from the uncertainty and controversy Plaintiffs’ accusations have precipitated, FedEx is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 that claims of the ’359, ’318, and ’320 patents are invalid.

## PRAYER FOR RELIEF

WHEREFORE, FedEx respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. A declaration that FedEx does not infringe any valid and asserted claim of U.S. Patent Nos. 6,904,359, 6,748,318, or 6,748,320;

B. A declaration that U.S. Patent Nos. 6,904,359, 6,748,318, or 6,748,320 are invalid;

C. Dismissal of all of Plaintiffs' claims in their entirety with prejudice;

D. A declaration that Plaintiffs take nothing by way of its Complaint;

E. An order awarding FedEx its costs pursuant to 35 U.S.C. § 284;

F. An order finding that this is an exceptional case and awarding FedEx its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

G. An order awarding FedEx such other and further relief as the Court may deem appropriate and just under the circumstances.

Dated: May 25, 2007

Respectfully submitted,

*/s/ Frederick W. Thieman*

Frederick W. Thieman
Pa. I.D. #26507
THIEMAN & WARD
436 Seventh Avenue, Suite 2312
Pittsburgh, PA 15219
(412) 395-1245 (phone)
fwt@thiemanward.com

JEFFREY A. BERKOWITZ
E-mail: jeffrey.berkowitz@finnegan.com
BETH Z. SHAW
E-mail: beth.shaw@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

11955 Freedom Drive
Reston, Virginia 20190-5675
Telephone: (571) 203-2700
Facsimile: (202) 408-4400

SCOTT J. POPMA
E-mail: scott.popma@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C. 20001-4413
Telephone: (202) 408-4000
Facsimile: (202) 408-4400

Attorneys for Defendant
FEDEX CORPORATION,
Attorneys for FedEx Corporation