**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED,** | ) | **Civil Action No. 07-0415-JFC** |
| **Plaintiffs,** | ) | **Judge Joy Flowers Conti** |
| **v.** | ) | **[Electronically filed]** |
| **SHIPMATRIX, INC., UNITED PARCEL SERVICES, INC. and FEDEX CORPORATION** | ) | |
| **Defendants.** | ) | |

**DEFENDANT UNITED PARCEL SERVICE, INC.'S ANSWER, DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS ARRIVALSTAR S.A. AND MELIVNO TECHNOLOGIES LIMITED'S COMPLAINT**

Defendant United Parcel Service, Inc. ("UPS") hereby sets forth its Answer, Defenses, and Counterclaims to Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited's (hereinafter "ArrivalStar" or "Plaintiff") Complaint filed on March 29, 2007 ("Complaint") as follows:

## NATURE OF THE LAWSUIT

1. UPS admits that Paragraph 1 of the Complaint purports to state a cause of action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code, but UPS denies that Plaintiff has any viable claim against UPS thereunder. UPS admits that this Court

has jurisdiction over the subject matter of the Complaint but denies the legal sufficiency of Plaintiffs' claims and allegations. Except as expressly admitted, UPS denies the allegations of Paragraph 1.

**THE PARTIES**

2. Upon information and belief, UPS denies that 370 Easton Street, Hermitage, Pennsylvania 16148 is an actual address. Upon information and belief, UPS denies that ArrivalStar S.A. has an office at 370 Easton Street, Hermitage, Pennsylvania 16148 or at any other location in Pennsylvania. UPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2 of the Complaint, which therefore stand denied.

3. Upon information and belief, UPS denies that 370 Easton Street, Hermitage, Pennsylvania 16148 is an actual address. Upon information and belief, UPS denies that Melvino Technologies Limited has an office at 370 Easton Street, Hermitage, Pennsylvania 16148 or at any other location in Pennsylvania. UPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 3 of the Complaint, which therefore stand denied.

4. UPS admits that U.S. Patent No. 6,904,359 ("the '359 patent") is entitled "Notification Systems and Methods with User-Definable

Notifications Based Upon Occurrence of Events" and on its face lists June 7, 2005 as the issue date, but denies that the patent is valid, enforceable, or infringed by UPS. UPS further admits that Exhibit A appears to be a copy of the '359 patent. UPS admits that U.S. Patent No. 6,748,318 ("the '318 patent") is entitled "Advanced Notification Systems and Methods Utilizing A Computer Network" and on its face lists June 8, 2004 as the issue date, but denies that the patent is valid, enforceable, or infringed by UPS. UPS further admits that Exhibit B appears to be a copy of the '318 patent. UPS admits that U.S. Patent No. 6,748,320 ("the '320 patent") is entitled "Notification Systems and Methods with User-Definable Notifications Based Upon Occurrence of Events" but denies that the patent is valid, enforceable, or infringed by UPS. UPS further admits that Exhibit C appears to be a copy of the '320 patent. UPS is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint, which therefore stand denied.

5. The allegations of Paragraph 5 of the Complaint do not apply to UPS; further, UPS is without knowledge or information sufficient to form a belief as to the truth of said allegations, which therefore stand denied.

6. UPS admits that it is a corporation existing under the laws of the State of Delaware. UPS further admits that it has a place of business in

Atlanta, Georgia. UPS also admits that this Court has personal jurisdiction over UPS. Except as expressly admitted, the allegations of Paragraph 6 are denied.

7. The allegations of Paragraph 7 of the Complaint do not apply to UPS; further, UPS is without knowledge or information sufficient to form a belief as to the truth of said allegations, which therefore stand denied.

8. UPS admits that it has done business within the district and that venue in this district is proper pursuant to 28 U.S.C. § 1400(b), however, UPS denies that it has committed or continues to commit acts of patent infringement within this district or that ArrivalStar is entitled to any relief for the allegations set forth in its Complaint. Except as expressly admitted, the allegations of Paragraph 8 are denied.

## DEFENDANT SHIPMATRIX'S ACTS OF PATENT INFRINGEMENT

9. The allegations of Paragraph 9 of the Complaint do not apply to UPS; further, UPS is without knowledge or information sufficient to form a belief as to the truth of said allegations, which therefore stand denied.

10. The allegations of Paragraph 10 of the Complaint do not apply to UPS; further, UPS is without knowledge or information sufficient to form a belief as to the truth of said allegations, which therefore stand denied.

## DEFENDANT UPS' ACTS OF PATENT INFRINGEMENT

11. UPS denies the allegations of Paragraph 11 of the Complaint.

12. UPS denies the allegations of Paragraph 12 of the Complaint.

## DEFENDANT FEDEX'S ACTS OF PATENT INFRINGEMENT

13. The allegations of Paragraph 13 of the Complaint do not apply to UPS; further, UPS is without knowledge or information sufficient to form a belief as to the truth of said allegations, which therefore stand denied.

14. The allegations of Paragraph 14 of the Complaint do not apply to UPS; further, UPS is without knowledge or information sufficient to form a belief as to the truth of said allegations, which therefore stand denied.

## PRAYER FOR RELIEF

UPS denies that ArrivalStar is entitled to any of the relief requested in its Prayer for Relief. UPS respectfully requests that: (i) the Court enter judgment in UPS' favor and against ArrivalStar on all of ArrivalStar's claims; (ii) the Court find this case exceptional and award UPS its costs and attorneys' fees pursuant to 35 U.S.C. § 285; and (iii) the Court award such other further relief as it deems appropriate.

## GENERAL DENIAL

Except as expressly admitted, UPS denies each and every allegation contained in Paragraphs 1 through 14 of the Complaint.

## UPS' AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), UPS asserts the following affirmative defenses to Plaintiffs' Complaint.

### First Affirmative Defense

UPS has not and does not directly or indirectly infringe any valid and enforceable claim of U.S. Patent Nos. 6,904,359 ("the '359 patent"), 6,748,318 ("the '318 patent"), and 6,748,320 ("the '320 patent") (collectively, "the patents-in-suit").

### Second Affirmative Defense

The claims of the patents-in-suit are invalid for failure to meet the requirements of the Patent Act, 35 U.S.C. §1, *et seq*., including but not limited to, 35 U.S.C. §§ 101, 102, 103 and/or 112.

### Third Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Fourth Affirmative Defense

The claims against UPS are barred, in whole or in part, by the doctrine of unclean hands.

### Fifth Affirmative Defense

Prosecution history estoppel applies to preclude ArrivalStar from maintaining that any claim of the patents-in-suit covers, either literally or

under the doctrine of equivalents, any of UPS' accused products, systems, and/or methods.

## Sixth Affirmative Defense

ArrivalStar is barred from recovering damages from UPS for infringement of the patent-in-suit, if any, until the date ArrivalStar provided proper notice to UPS pursuant to 35 U.S.C. § 287(a).

## Reservation of Rights

UPS reserves the right to add additional defenses and/or counterclaims that discovery may reveal.

## COUNTERCLAIMS

Pursuant to Federal Rules of Civil Procedure 13, Defendant-Counterplaintiff United Parcel Service, Inc. ("UPS") for its counterclaims against Plaintiff-Counterdefendants ArrivalStar S.A. and Melvino Technologies Limited (collectively, "ArrivalStar"), alleges as follows:

## Nature and Basis of Action

1. UPS seeks declarations that: (i) UPS does not infringe, either directly or indirectly, any valid claim of U.S. Patent No. 6,904,359 ("the '359 patent"), which issued on June 7, 2005; U.S. Patent No. 6,748,318 ("the '318 patent"), which issued on June 8, 2004; and U.S. Patent No. 6,748,320 ("the '320 patent") which issued on June 8, 2004, (collectively, the "patents-

in-suit") and (ii) each of the claims of the '359, '318, and '320 patents are invalid pursuant to 35 U.S.C. §§ 101, 102, 103 and/or 112.

**Parties**

2. UPS is incorporated under the laws of Delaware and has its principal place of business at 55 Glenlake Parkway, N.E., Atlanta, Georgia 30328.

3. Upon information and belief, ArrivalStar S.A. is incorporated under the laws of Luxembourg, and has offices at 67 Rue Michel, Welter L-2730, Luxembourg.

4. Upon information and belief, Melvino Technologies Limited is incorporated under the laws of the British Virgin Island of Tortola, and has offices at P.O. Box 3152, RG Hodge Building, Road Town, Tortola, British Virgin Islands.

**Jurisdiction and Venue**

5. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§1331, 1332 and 1338, and the Declaratory Judgment Act, 28 U.S.C. § 2201 and 2202.

7. This Court has personal jurisdiction over ArrivalStar at least because ArrivalStar has submitted to the jurisdiction of this Court by brining the instant action.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Facts Giving Rise to This Action**

9. ArrivalStar S.A. and Melvino Technologies Limited purport to own all right, title and interest in the ’359, ‘318, and ‘320 patents.

10. ArrivalStar has incorrectly asserted the UPS has directly or indirectly infringed and/or continues to infringe one or more claims of each of the patents-in-suit.

11. UPS has not and does not infringe, either directly or indirectly, any valid and enforceable claim of the patents-in-suit.

12. The patents-in-suit are invalid.

13. Based on the foregoing, an immediate and justiciable controversy exists between ArrivalStar and UPS regarding the non-infringement and invalidity of the ‘359, ‘318, and ‘320 patents.

**COUNT I**

**Declaration of Non-Infringement**

14. UPS reasserts and incorporates by reference the allegations of Paragraphs 1 through 13 of its Counterclaims as if fully set forth herein.

15. ArrivalStar has asserted that certain systems that UPS makes, sells and/or offers to sell in the United States infringe, either directly or indirectly, the ‘359, ‘318 and ‘320 patents.

16. UPS does not infringe, either directly or indirectly, any valid and enforceable claim of the ‘359, ‘318 and ‘320 patents.

17. An actual and justiciable controversy exists between ArrivalStar and UPS as to whether pursuant to the Patent Act, 35 U.S.C. § 1, *et seq.*, UPS infringes, either directly or indirectly, any valid and enforceable claim of the ’359, ‘318, and ‘320 patents.

18. UPS is entitled to a judicial declaration that it has not and does not infringe, either directly or indirectly, any valid and enforceable claim of the ‘359, ‘318 or ‘320 patents.

**COUNT II**

**Declaration of Invalidity**

**Under 35 U.S.C. §§ 101, 102, 103, 112**

19. UPS reasserts and incorporates by reference the allegations of Paragraphs 1 through 18 of its Counterclaims as if fully set forth herein.

20. The ’359, ‘318, and ‘320 patents are invalid under one or more sections of the Patent Act, 35 U.S.C. § 1 *et seq.,* including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

21. An actual and justiciable controversy exists between ArrivalStar and UPS as to the validity of the ’359, ‘318, and ‘320 patents.

22. UPS is entitled to a judicial declaration and order that the ‘359, ‘318 and ‘320 patents are invalid.

**Request for Relief**

WHEREFORE, UPS respectfully prays for relief as follows:

A. That ArrivalStar recover nothing and that its Complaint be dismissed with prejudice;

B. That the Court deny any injunctive relief in favor of ArrivalStar and against UPS;

C. That the Court declare that UPS has not and does not infringe, either directly or indirectly, any valid and enforceable claim of U.S. Patent No. 6,904,359; U.S. Patent No. 6,748,318; and/or U.S. Patent No. 6,748,320;

D. That the Court declare and order that each of the claims of U.S. Patent No. 6,904,359; U.S. Patent No. 6,748,318; and U.S. Patent No. 6,748,320 is invalid;

E. That the Court find this case to be exceptional and awarding UPS its attorneys’ fees and costs incurred in this action, pursuant to 35 U.S.C. § 285; and

F. That the Court grant UPS such additional relief as it may deem just and proper.

## Jury Demand

UPS demands a jury trial on all issues triable before a jury.

Respectfully submitted, this 5th day of November, 2007.

/s Kirsten R. Rydstrom
Kirsten R. Rydstrom
PA ID No. 76549
krydstrom@reedsmith.com
REED SMITH LLP
435 Sixth Avenue
Pittsburg, PA 15219

Patrick J. Flinn
Georgia Bar No. 264540
David M. Maxwell
Georgia Bar No. 478715
E. Joseph Benz III
North Carolina Bar No. 31393
ALSTON & BIRD, LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309-3424
Telephone: (404) 881-7000
Fax: (404) 881-7777

Attorneys United Parcel
Service, Inc.

## **CERRTIFICATE OF SERVICE**

I hereby certify that on November 5, 2007, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to all counsel of record.

/s E. Joseph Benz III
Counsel for Defendant
United Parcel Service, Inc.

Dated: November 5, 2007